**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JANE DOE, elderly, disabled woman, | No. 15-35246 |
| Plaintiff - Appellant, | D.C. No. 3:13-cv-01974-SI |
| v. | |
| HOUSING AUTHORITY OF PORTLAND, a public municipal corporation, DBA Home Forward; et al., | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Michael H. Simon, District Judge, Presiding

Submitted February 24, 2016**

Before:   LEAVY, FERNANDEZ, and RAWLINSON, Circuit Judges.

Jane Doe appeals pro se from the district court's summary judgment in her

action alleging various claims, including that defendants failed to accommodate

her disability in violation of the Fair Housing Amendments Act ("FHAA").  We

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Budnick v. Town of Carefree*, 518 F.3d 1109, 1113 (9th Cir. 2008). We affirm.

The district court properly granted summary judgment on Doe's FHAA and Rehabilitation Act ("RA") claims because Doe failed to raise a genuine dispute of material fact as to whether her requested accommodations were reasonable, or necessary for the equal use and enjoyment of her apartment. *See id*. at 1119 (elements of a failure-to-accommodate claim under the FHAA); *Giebeler v. M&B Assocs.*, 343 F.3d 1143, 1148-49, 1157 (9th Cir. 2003) (for purposes of the FHAA and RA, an accommodation is reasonable "when it imposes no fundamental alteration in the nature of the program or undue financial or administrative burdens" (citation and internal quotation marks omitted); *see also* 24 C.F.R. §§ 982.405(a), 982.551(d) (requiring that public housing agencies inspect units at least annually and that Section 8 voucher recipients allow such inspections). We reject as unsupported by the record Doe's contention that defendants failed to conduct an interactive process.

Contrary to Doe's contention, the district court provided her a final warning of her deadline to file an opposition to defendants' motion for summary judgment.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on

2                                                                                          15-35246

appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Doe's request to supplement the record, set forth in her opening brief, is denied.

**AFFIRMED.**